**GIBSON, DUNN & CRUTCHER LLP**
Matthew J. Williams
John Conte
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PT SRI REJEKI ISMAN TBK,<br><br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-_____ |
| In re:<br><br>PT BITRATEX INDUSTRIES,<br><br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-_____ |
| In re:<br><br>PT SINAR PANTJA DJAJA,<br><br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-_____ |
| In re:<br><br>PT PRIMAYUDHA MANDIRIJAYA,<br><br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-_____ |

| | |
|---|---|
| In re:<br><br>GOLDEN LEGACY PTE LTD,<br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-_____ |
| In re:<br><br>GOLDEN MOUNTAIN TEXTILE AND TRADING PTE LTD,<br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-_____ |

**MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE ABOVE-CAPTIONED CHAPTER 15 CASES**

Geoffrey David Simms, in his capacity as the authorized foreign representative (the "***Foreign Representative***") of (a) PT Sri Rejeki Isman Tbk, PT Bitratex Industries, PT Sinar Pantja Djaja, and PT Primayudha Mandirijaya (collectively, the "***Indonesia Foreign Debtors***") in connection with their foreign proceedings pending in the Semarang Commercial Court (the "***Indonesian Court***"), pursuant to Law No. 37 of 2004 regarding Bankruptcy and Suspension of Debt Payment Obligations (collectively, the "***PKPU Proceedings***"), and (b) Golden Legacy Pte Ltd and Golden Mountain Textile and Trading Pte Ltd (together, the "***Singapore Foreign Debtors***") in connection with their foreign proceedings pending in the General Division of the High Court of the Republic of Singapore pursuant to section 64 of the Insolvency, Restructuring and Dissolution Act (No. 40 of 2018) (collectively, the "***Singapore Proceedings***"), by and through his undersigned counsel, respectfully submits this motion (the "***Motion***") for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "***Proposed Order***"), pursuant to section

2

105(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), 11 U.S.C. §§ 101-1532, and Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "***Bankruptcy Rules***"), authorizing the joint administration of the above-captioned chapter 15 cases (the "***Chapter 15 Cases***") of the Indonesia Foreign Debtors and the Singapore Foreign Debtors (collectively, the "***Foreign Debtors***") for procedural purposes only.  In support of the Motion, the Foreign Representative respectfully refers the Court to the *Verified Petition of Indonesia Foreign Debtors Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "***Indonesia Verified Petition***") and the *Verified Petition of Singapore Foreign Debtors Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "***Singapore Verified Petition***," and together with the Indonesia Verified Petition, the "***Verified Petitions***"), which are being filed contemporaneously herewith and is incorporated herein by reference. In further support of the Motion, the Foreign Representative respectfully states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      These Chapter 15 Cases have been properly commenced pursuant to 11 U.S.C. § 1504 by the filing of petitions for recognition of the PKPU Proceedings for the Indonesia Foreign Debtors and the Singapore Proceedings for the Singapore Foreign Debtors, respectively, pursuant to 11 U.S.C. § 1515 of the Bankruptcy Code.

2.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue is proper pursuant to 28 U.S.C. § 1410.

3.      The statutory predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules.

## BACKGROUND

4.      On April 19, 2021, CV Prima Karya, a trade creditor, commenced PKPU Proceedings against the Indonesia Foreign Debtors.  On April 21, 2021, the Singapore Foreign Debtors commenced the Singapore Proceedings.

5.      On May 6, 2021, the Indonesian Court issued an order approving the commencement of the PKPU Proceedings.  On May 21, 2021, the Singapore Court issued an order approving the commencement of the Singapore Proceedings.

6.      On the date hereof, the Foreign Representative commenced these Chapter 15 Cases seeking, *inter alia*, recognition of the PKPU Proceedings and the Singapore Proceedings as foreign main proceedings for the Indonesia Foreign Debtors and the Singapore Foreign Debtors, respectively.

7.      The Foreign Representative respectfully refers the Court to the Verified Petitions, which contain additional relevant facts and circumstances regarding the commencement of these Chapter 15 Cases in relation to the PKPU Proceedings and the Singapore Proceedings.

## RELIEF REQUESTED

8.      Pursuant to Rule 1015(b) of the Bankruptcy Rules, the Foreign Representative respectfully requests the immediate entry of an order providing for the joint administration of the Chapter 15 Cases for procedural purposes only.  In particular, the Foreign Representative requests that the Court provide for joint administration by:  (a) establishing a joint docket and file for the Chapter 15 Cases; (b) approving the filing of a joint pleadings caption; (c) approving combined notices to creditors and other parties in interest, as applicable; and (d) directing an entry to be made on the dockets of: In re PT Sri Rejeki Isman Tbk; In re PT Bitratex Industries; In re PT Sinar Pantja Djaja; In re PT Primayudha Mandirijaya; In re Golden Legacy Pte Ltd; and In re Golden Mountain Textile and Trading Pte Ltd, to reflect the joint administration of the Chapter 15 Cases.

4

**BASIS FOR RELIEF REQUESTED**

**A.      The Foreign Debtors are Affiliates Under Federal Bankruptcy Rule 1015(b)**

9.      Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or] [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2).

10.      Joint administration of the Foreign Debtors' cases is warranted because (a) the Foreign Representative has filed an Official Form 410 (Chapter 15 Petition for Recognition of a Foreign Proceeding) (the "*Petitions*") with respect to each of the Foreign Debtors and (b) as provided in the Petitions, each Foreign Debtor is an "affiliate" of one or more other Foreign Debtors under section 101(2) of the Bankruptcy Code.  Additionally, joint administration pursuant to Bankruptcy Rule 1015(b) is not limited to plenary cases, and the requested relief will promote the efficient administration of these Chapter 15 Cases, one of the stated purposes of chapter 15. *See* 11 U.S.C. § 1501(a)(3).

11.      Courts have routinely granted joint administration of interrelated Chapter 15 Cases based on Bankruptcy Rule 1015(b).  *See, e.g.*, *In re PT Delta Merlin Dunia Textile*, Case No. 19-13214 (Bankr. S.D.N.Y. Oct. 8, 2019); *In re EuropaCorp S.A.*, No. 19-11587 (MEW) (Bankr. S.D.N.Y. May 20, 2019); *In re OAS S.A.*, No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015);

*In re Aralco S.A. – Indústria e Comércio*, No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015); *see also In re Cline Mining Corp.*, No. 14-26132 (EEB) (Bankr. D. Colo. Dec. 4, 2014); *In re Essar Steel Algoma Inc.*, No. 14-11730 (BLS) (Bankr. D. Del. July 17, 2014); *In re Cinram Int'l Inc.*, No. 12-11882 (KJC) (Bankr. D. Del. June 26, 2012).  As such, the Court has the authority to enter the proposed order pursuant to Bankruptcy Rule 1015(b).

12.    In addition, the Foreign Representative respectfully submits that the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code, made applicable in Chapter 15 Cases pursuant to section 103(a) of the Bankruptcy Code, permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  *See In re Select Tree Farms, Inc.*, 483 B.R. 595, 597 (Bankr. W.D.N.Y. 2012) (Section 105(a) "empower[s] 'the bankruptcy court to exercise its equitable powers . . . to facilitate the implementation of other Bankruptcy Code provisions.'") (citing *Solow v. Kalikow (In re Kalikow)*, 602 F. 3d 82, 97 (2nd Cir. 2010)); *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) only to the extent consistent with the Bankruptcy Code and the Bankruptcy Rules) (citing *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2d. Cir. 1999)). The relief requested herein is consistent with and furthers the purpose of the Bankruptcy Code.  Therefore, the Court has additional authority under section 105(a) of the Bankruptcy Code to enter the proposed order directing the joint administration of these Chapter 15 Cases.

**B.    Joint Administration of the Estate Will Provide Greater Ease of Administration**

13.    The Petitions and the Verified Petition establish that joint administration of these Chapter 15 Cases is warranted because (a) the Indonesia Foreign Debtors' and the Singapore Foreign Debtors' financial affairs and business operations are closely related, (b) each Indonesia

6

Foreign Debtor is party to one of the PKPU Proceedings, which will be effectively jointly administered in Indonesia for procedural purposes, (c) each Singapore Foreign Debtor is party to one of the Singapore Proceedings, which will be effectively jointly administered in Singapore for procedural purposes, and (d) the joint administration of the Chapter 15 Cases will ease the administrative burden on this Court and parties in interest.

14.     The joint administration of the Chapter 15 Cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Foreign Debtors' respective estates and other parties in interest.   Entering an order directing joint administration of the Chapter 15 Cases will avoid the need for duplicative notices, opinions, motions, applications, and orders, thereby saving time and expense that otherwise would be required to administer individual cases.  Joint administration also will enable parties in each of the Chapter 15 Cases to receive notice of the various matters pending before the Court in all of these Chapter 15 Cases.  Joint administration will further simplify supervision of the administrative aspects of the Chapter 15 Cases by the Office of the United States Trustee—a task that would pose unnecessary burdens absent joint administration.

**C.     No Party in Interest Will Be Prejudiced By Virtue of the Relief Requested**

15.     The rights of the respective creditors of the Foreign Debtors will not be adversely affected by the proposed joint administration of the Chapter 15 Cases because the rights of each creditor against the respective estates will be preserved.  The Motion seeks neither substantive consolidation of the Foreign Debtors' estates, nor modification of the relative rights and remedies of creditors against any of the individual Foreign Debtors.  Thus, the substantive rights of parties in interest will not be prejudiced or otherwise negatively affected by the entry of an order directing the procedural joint administration of the Chapter 15 Cases.

16.     For these reasons, the Foreign Representative submits that the relief requested

herein is in the best interest of the Foreign Debtors, their estates, creditors, and other parties in

interest, and, therefore, should be granted.

17.     As such, the Foreign Representative respectfully requests that the caption of each

of the Chapter 15 Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PT SRI REJEKI ISMAN TBK, *et al.*,[1]<br><br>       Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-_____<br><br>(Jointly Administered) |

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (a) PT Sri Rejeki Isman Tbk, whose address is at Jl. K.H. Samanhudi No. 88, Ds./Kl. Jetis, Kec. Sukoharjo, Kab. Sukoharjo, Central Java, Indonesia, (b) PT Sinar Pantja Djaja, whose address is at Jl. Condrokusumo No 1, Kec. Semarang Barat, Semarang, Central Java, Indonesia, (c) PT Bitratex Industries, whose address is at Jl. Brigjend Sudiarto KM. 11, Kel. Plamongansari, Kec. Pedurungan, Semarang, Central Java, Indonesia (d) PT Primayudha Mandirijaya, whose address is at Dk. Kadang, Ds. Ngadirojo, Kec. Ampel, Kab. Boyolali, Central Java, Indonesia, (e) Golden Legacy Pte Ltd, whose address is at 120 Robinson Road, #08-01, Singapore 068913, and (f) Golden Mountain Textile and Trading Pte Ltd, whose address is at 120 Robinson Road, #08-01, Singapore 068913.

18.     The Foreign Representative also requests that the Court direct that the following

statement be entered on the docket of each of the Chapter 15 Cases to reflect their joint

administration:

> An order has been entered in this case directing the joint administration of the chapter 15 cases of In re PT Sri Rejeki Isman Tbk; In re PT Bitratex Industries; In re PT Sinar Pantja Djaja; In re PT Primayudha Mandirijaya; In re Golden Legacy Pte Ltd; and In re Golden Mountain Textile and Trading Pte Ltd. The docket in the chapter 15 case of In re PT Sri Rejeki Isman Tbk, Case No. 21-[_____ (___)] should be consulted for all matters affecting this case.

## NO PRIOR REQUEST

19.     No prior request for the relief sought in this Motion has been made to this or any

other court.

## NOTICE

20.     Notice of this Motion either by electronic mail, facsimile, or overnight mail to:

(a) the Office of the United States Trustee, (b) all parties authorized to administer foreign

proceedings of the Foreign Debtors, (c) all parties to any litigation in which any of the Foreign

Debtors is a party and that is pending in the United States as of the commencement of these Chapter

15 Cases, and (d) all known parties against whom provisional relief is sought as set forth in the

statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure

1007(a)(4)(B), attached to the Petitions. Due to the nature of the relief requested herein, the Foreign

Representative submits that no other or further notice is required.

**CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the

order, substantially in the form annexed hereto as **Exhibit A**, ordering the joint administration of

these Chapter 15 Cases and granting such other and further relief it deems necessary and

appropriate.


Dated: New York, New York
       June 7, 2021

                                              Respectfully submitted,
                                              GIBSON, DUNN & CRUTCHER LLP

                                              /s/ *Matthew J. Williams*
                                              Matthew J. Williams
                                              John Conte
                                              200 Park Avenue
                                              New York, NY 10166
                                              (212) 351-4000 (Tel)
                                              (212) 351-4035 (Fax)


                                              *Counsel to the Foreign Representative*

## **EXHIBIT A**

| | |
|---|---|
| In re:<br><br>PT SRI REJEKI ISMAN TBK,<br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-\_\_\_\_\_ |
| In re:<br><br>PT BITRATEX INDUSTRIES,<br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-\_\_\_\_\_ |
| In re:<br><br>PT SINAR PANTJA DJAJA,<br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-\_\_\_\_\_ |
| In re:<br><br>PT PRIMAYUDHA MANDIRIJAYA,<br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-\_\_\_\_\_ |
| In re:<br><br>GOLDEN LEGACY PTE LTD,<br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-\_\_\_\_\_ |

1

In re:

GOLDEN MOUNTAIN TEXTILE AND
TRADING PTE LTD,

Debtor in a Foreign Proceeding.

Chapter 15

Case No. 21-_____

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES

Upon consideration of the motion by the Foreign Representative in the above-captioned

chapter 15 cases seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code and

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, for the joint administration of the

above-captioned Chapter 15 Cases for procedural purposes only (the "*Motion*");[1] and the Court

having found that it has jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code and the

Amended Standing Order of Reference M-431 from the United States District Court for the

Southern District of New York, dated as of January 31, 2012 (Preska, C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157)(b)(2)(P); and venue of this proceeding being proper before the Court pursuant to 28 U.S.C.

§ 1410; and due and proper notice of the Motion having been provided, and no other or further

notice being necessary; and the Court having reviewed and considered the Motion and the Verified

Petitions; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and the relief requested in the Motion being in the

---

[1]  All capitalized terms not otherwise defined in this order shall have the meanings ascribed to them in the Motion.

2

best interest of the Foreign Debtors' estates, their creditors, and other parties in interest; and after

due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Chapter 15 Cases hereby are consolidated for procedural purposes only and

shall be jointly administered by the Court.

3.      Pleadings in these Chapter 15 Cases shall be required to bear a caption substantially

in the following form:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PT SRI REJEKI ISMAN TBK, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 21-_____<br><br>(Jointly Administered) |

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (a) PT Sri Rejeki Isman Tbk, whose address is at Jl. K.H. Samanhudi No. 88, Ds./Kl. Jetis, Kec. Sukoharjo, Kab. Sukoharjo, Central Java, Indonesia, (b) PT Sinar Pantja Djaja, whose address is at Jl. Condrokusumo No 1, Kec. Semarang Barat, Semarang, Central Java, Indonesia, (c) PT Bitratex Industries, whose address is at Jl. Brigjend Sudiarto KM. 11, Kel. Plamongansari, Kec. Pedurungan, Semarang, Central Java, Indonesia (d) PT Primayudha Mandirijaya, whose address is at Dk. Kadang, Ds. Ngadirojo, Kec. Ampel, Kab. Boyolali, Central Java, Indonesia, (e) Golden Legacy Pte Ltd, whose address is at 120 Robinson Road, #08-01, Singapore 068913, and (f) Golden Mountain Textile and Trading Pte Ltd, whose address is at 120 Robinson Road, #08-01, Singapore 068913.

4.      The consolidated caption satisfies the requirements of section 342(c) of the

Bankruptcy Code in all respects.

5.      A docket entry shall be made by the Clerk of the Court in each of the above-

captioned cases substantially as follows:

An order has been entered in this case directing the joint administration of the chapter 15 cases of In re PT Sri Rejeki Isman Tbk; In re PT Bitratex Industries; In re PT Sinar Pantja Djaja; In re PT Primayudha Mandirijaya; In re Golden Legacy Pte Ltd; and In re Golden

3

Mountain Textile and Trading Pte Ltd. The docket in the chapter 15 case of In re PT Sri Rejeki Isman Tbk, Case No. 21-[_____ (___)] should be consulted for all matters affecting this case.

6.      The Foreign Representative is authorized to (i) utilize a combined service list for the Foreign Debtors' jointly administered cases and (ii) send combined notices to creditors of the Foreign Debtors' estates and other parties in interest as applicable.

7.      The Foreign Representative is authorized and empowered to take any actions as may be necessary and appropriate to implement and effectuate the terms of this order.

8.      Nothing contained in this Order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy cases of the Foreign Debtors.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

Dated:  New York, New York
        _____, 2021

_____
UNITED STATES BANKRUPTCY JUDGE

4